RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1140-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JAMES PINNOCK,

 Defendant-Appellant.
____________________________

 Submitted June 7, 2017 – Decided June 29, 2017

 Before Judges Alvarez and Accurso.

 On appeal from Superior Court of New Jersey,
 Law Division, Passaic County, Indictment No.
 03-09-0888.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Kisha M. Hebbon, Designated
 Counsel, on the brief).

 Camelia M. Valdes, Passaic County
 Prosecutor, attorney for respondent
 (Christopher W. Hsieh, Chief Assistant
 Prosecutor, of counsel and on the brief).

 Appellant filed a pro se supplemental brief.

PER CURIAM
 Defendant James Pinnock appeals from the dismissal of his

petition for post-conviction relief (PCR), contending he

established a prima facie case of ineffective assistance of

counsel requiring an evidentiary hearing. Because the trial

judge correctly determined the evidence insufficient to sustain

defendant's burden, we affirm.

 Defendant was convicted by a jury of first-degree

kidnapping, N.J.S.A. 2C:13-1b(1); two counts of first-degree

robbery, N.J.S.A. 2C:15-1a(2) and (3); three counts of first-

degree aggravated sexual assault, N.J.S.A. 2C:14-2a(3), (4) and

(5); third-degree terroristic threats, N.J.S.A. 2C:12-3b; third-

degree possession of a firearm for an unlawful purpose, N.J.S.A.

2C:39-4a; and third-degree unlawful possession of a handgun,

N.J.S.A. 2C:39-5b, in connection with his and a co-defendant's

sexual assault of a college student walking alone in Paterson on

an August evening in 2003. The judge sentenced him to an

aggregate forty-year prison term subject to the periods of

parole ineligibility and supervision mandated by the No Early

Release Act, N.J.S.A. 2C:43-7.2.

 We affirmed defendant's conviction on direct appeal but

remanded for reconsideration of defendant's sentence, to address

merger and to correct the judgment of conviction, State v.

Pinnock, No. A-6649-06 (App. Div. Mar. 8, 2010). The Supreme

 2 A-1140-15T2
Court denied defendant's petition for certification, 202 N.J. 45

(2010). On remand, the judge imposed the same aggregate

sentence, which we reviewed on a sentencing calendar, R. 2:9-11,

and affirmed. The Supreme Court again denied defendant's

petition for certification. State v. Pinnock, 209 N.J. 99

(2012).

 Defendant filed a petition for post-conviction relief based

on claims of ineffective assistance of trial and appellate

counsel as well as certain trial errors. Defendant claimed his

trial counsel failed to prepare him to testify at trial and

coerced him into not testifying on his own behalf, despite his

lack of any criminal record. He further argued that the

evidence was insufficient to support the kidnapping conviction,

and that an error in the verdict sheet permitted the jury to

convict him of kidnapping despite failing to find he acted

knowingly.

 Defendant claimed appellate counsel failed to argue the

evidence was insufficient to support the jury's verdict, and had

counsel done so that defendant's conviction would have been

reversed. In a pro se submission, defendant reiterated

counsel's argument about error in the verdict sheet and

contended newly discovered evidence proved his innocence.

 3 A-1140-15T2
 After hearing argument by counsel, the judge issued a

written opinion denying the petition on the basis that defendant

had failed to establish a prima facie claim for relief. See

State v. Preciose, 129 N.J. 451, 462-64 (1992). The judge

determined defendant's claims regarding the sufficiency of the

evidence and the verdict sheet were barred by Rule 3:22-5

because they had already been raised and adjudicated, or by Rule

3:22-4(a) because they could have been raised and adjudicated on

direct appeal. See State v. Nash, 212 N.J. 518, 546 (2013).

Despite finding the claims procedurally barred, the judge

nevertheless considered them on the merits and found both claims

wanting.

 The judge rejected defendant's claim that his counsel had

coerced him into not testifying because it was clearly

contradicted by defendant's lengthy colloquy with the trial

judge and defense counsel on the record at trial, which the

judge quoted in his opinion denying the petition. The judge

rejected defendant's claim that his appellate counsel had been

ineffective because he found defendant's arguments as to trial

error without merit and thus not capable of having affected the

outcome of the appeal.

 The judge further rejected defendant's contention of newly

discovered evidence proving his innocence. He concluded that

 4 A-1140-15T2
defendant's "bare allegations, without any supporting

certifications or argument, clearly fall markedly short for

post-conviction relief."

 On appeal, defendant presents the following arguments

through counsel:

 POINT I

 THE TRIAL COURT ERRED IN DENYING DEFENDANT'S
 PETITION FOR POST-CONVICTION RELIEF WITHOUT
 AFFORDING HIM AN EVIDENTIARY HEARING TO
 DETERMINE THE MERITS OF HIS CONTENTION THAT
 HE WAS DENIED THE RIGHT TO THE EFFECTIVE
 ASSISTANCE OF COUNSEL.

 A. The Prevailing Legal Principles
 Regarding Claims Of Ineffective Assistance
 Of Counsel, Evidentiary Hearings And
 Petitions For Post-Conviction Relief.

 B. Trial Counsel Rendered Ineffective Legal
 Representation By Virtue Of Him Advising
 Defendant Not To Testify At Trial Without
 First Discussing Defendant's Proposed Trial
 Testimony And Possible Cross-Examination
 Questions With Him.

 C. Appellate Counsel Rendered Ineffective
 Legal Representation By Virtue Of His
 Failure To Raise The Issue Of Trial Court
 Errors On Appeal.

 D. Defendant Is Entitled To A Remand To The
 Trial Court To Afford Him An Evidentiary
 Hearing To Determine The Merits Of His
 Contention That He Was Denied The Effective
 Assistance Of Trial And Appellate Counsel.

 He raises the following additional arguments by way of his

pro se supplemental brief:

 5 A-1140-15T2
 POINT ONE

 THERE WAS A MISCARRIAGE OF JUSTICE[.] THE
 CLAIMS SHOULD NOT HAVE BEEN PROCEDURALLY
 BARRED WHEN THE STATE WAS RELIEVED OF THE
 HEAVY BURDEN OF PROVING ESSENTIAL ELEMENTS
 OF FIRST-DEGREE KIDNAPPING AND THE "SAFE
 PLACE" ELEMENT IS OMITTED FROM THE JURY
 CHARGE AND THE VERDICT SHEET DID NOT RECORD
 IF THERE WAS A UNANIMOUS VERDICT ON 2C:13-
 1b(1)/2C:2-6 UNLAWFULLY REMOVED OR
 UNLAWFULLY CONFINED OR 2C:13-1b(2)/2C:2-6
 UNLAWFULLY REMOVED OR UNLAWFULLY CONFINED
 AND THE TRIAL JUDGE FOUND THE GENERAL
 VERDICT OF GUILT IN A JURY TRIAL BECAUSE THE
 VERDICT SHEET DID NOT RECORD WHICH THEORY
 THE DEENDANT WAS CONVICTED OF DUE PROCESS
 VIOLATION.

 POINT TWO

 MISCARRIAGE OF JUSTICE[.] INSUFFICIENT
 EVIDENCE TO CONVICT DEFENDANT ON COUNT 3 AND
 COUNT 4[.] STATE CANNOT PROVE THE ESSENTIAL
 ELEMENTS IN THE COURSE OF COMMITTING A THEFT
 AND SHARED INTENT AND NOT KNOWINGLY
 COMMITTING COUNT 2 THE INTENT TO COMMIT THE
 THEFT DURING OR BEFORE THE USE OF FORCE
 CANNOT BE PROVEN BY THE STATE BEYOND A
 REASONABLE DOUBT WITH THE ACQUITTAL OF COUNT
 2[.] THIS CLAIM WAS NOT BARRED BY THE COURT
 UNDER RULE 3:22.

 A judge's decision as to whether to hold an evidentiary

hearing on a PCR petition alleging ineffective assistance of

counsel is discretionary. Preciose, supra, 129 N.J. at 462. No

hearing is required unless defendant has established a prima

facie case, that is, a reasonable likelihood of success under

the test established in Strickland v. Washington, 466 U.S. 668,

 6 A-1140-15T2
687-88, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674, 693,

698 (1984).

 Under the Strickland two-part test, a defendant must

establish, first, that "counsel's representation fell below an

objective standard of reasonableness," and, second, that "there

is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have

been different." Ibid. A defendant must do more than

demonstrate that an alleged error might have "had some

conceivable effect on the outcome of the trial," instead, he or

she must prove that the error is "so serious as to undermine our

confidence in the jury's verdict." State v. Sheika, 337 N.J.

Super. 228, 242 (App. Div.), certif. denied, 169 N.J. 609

(2001).

 Our review of this record convinces us that Judge Taylor

carefully considered each of defendant's claims. The judge's

findings are well supported by sufficient credible evidence in

the record. State v. Locurto, 157 N.J. 463, 472 (1999). We

agree, on the basis of those findings, that defendant failed to

demonstrate that the performance of his trial or appellate

counsel was substandard or that, but for any of their alleged

errors, the result would have been different as required by

Strickland. Accordingly, we affirm substantially for the

 7 A-1140-15T2
reasons expressed by Judge Taylor in the comprehensive written

statement of reasons accompanying his order of August 20, 2015,

denying defendant's petition.

 Affirmed.

 8 A-1140-15T2